UNITED STATES DISTRICT COURT

WESTERN DISTRICT OF LOUISIANA

MONROE DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA | CRIMINAL ACTION NO. 15-00013 |
| VERSUS | JUDGE ROBERT G. JAMES |
| RICHARD ALLAN SCOTT | MAG. JUDGE KAREN L. HAYES |

RULING

Pending before the Court is a Motion in Limine [Doc. No. 37] filed by Defendant Richard Allan Scott.

On July 30, 2015, the Government filed a notice pursuant to Fed. R. Evid. 404(b) [Doc. No. 29], notifying Scott that it intends to introduce evidence of 46 tax returns prepared for taxpayers not listed in the Indictment, testimony from 4 taxpayers not referenced in the Indictment, and who claimed that Scott prepared their tax returns that contained false information, and evidence from a September 24, 2012 state conviction for identity theft based on Scott's preparation of a false tax return in the name of an acquaintance without that person's permission.    On August 21, 2015, the Government filed a supplemental Rule 404(b) notice indicating that it would offer testimony and evidence that a 2012 state probation judgment prohibited Scott from preparing tax returns during the three-year period.  The Government also offered notice of its intent to offer evidence through Scott's former girlfriend that he prepared her 2011 and 2012 tax returns and used her bank account for the electronically deposited tax refunds for clients.

On August 28, 2015, Scott filed a Motion in Limine [Doc. No. 37].  Scott moves the

Court to exclude from evidence (1) the 46 tax returns that are not included in the Indictment and (2) the 2012 state court conviction for identity fraud and probation condition prohibiting him from preparing tax returns.

On September 3, 2015, the Government filed a response to the Motion in Limine [Doc. No. 40]. The Government opposes the Motion in Limine.

For the following reasons, Scott's Motion in Limine is GRANTED IN PART and DENIED IN PART.

## ALLEGED FACTS

According to the Government, an investigation into Scott's criminal activities was initiated after the Monroe Police Department ("MPD") received a complaint in January 2011 from Kenya Lawson ("Lawson"). Lawson had allegedly received a letter from the Internal Revenue Service ("IRS") notifying her about tax returns filed under her social security number. Lawson claimed that Scott had filed the tax return using her social security number without her permission.

When he was interviewed in December, 2011, Scott allegedly admitted filing a 2010 tax return in Lawson's name without her permission and adding his two minor children to increase the refund. He supposedly filed the return and kept the refund because he had previously filed a return for Lawson, and she did not pay him. Scott also allegedly admitted selling his children's social security numbers to other family members to use as dependents on their tax returns from 2007 to 2010.

In December 2012, the Monroe Police Department obtained and executed a search warrant for Scott's residence in Monroe. The MPD recovered computers, hard drives, and

documentary evidence relating to tax preparation and then turned the evidence over to the IRS.

The IRS examined the evidence and determined that Scott prepared approximately 56 returns for 47 individuals during tax years 2011 and 2012. According to the Government, Scott included false information on the returns pertaining to (1) W-2 Income and Withholdings, (2) Child and Dependent Care Expenses, (3) Child Tax Credit, (4) Earned Income Credit, and (5) Additional Child Tax Credit. The Government contends that Scott provided false and inflated incomes, used ineligible dependents (including his own children), used false W-2s, and created false employers. Many of the taxpayers were Scott's friends, relatives, or acquaintances. They identified Scott as their tax preparer and denied providing the false information to him. The IRS also verified with the listed employers that the taxpayers were not employed during the identified tax years.

Scott is charged in a ten-count Indictment with aiding and assisting in the preparation of false tax returns for the tax years 2011 and 2012. Scott was charged with conduct relating to the preparation of tax returns for taxpayers J.P., S.H., T.H.,[1] S.P., M.P., L.J., L.D., C.W., and I.W.

## LAW AND ANALYSIS

Federal Rule of Evidence 404(b) provides that evidence of other crimes or acts is not admissible to prove the character of a person, but may be admissible to prove, among other things, knowledge or the absence of mistake. FED. R. EVID. 404(b). The danger involved in admitting such evidence is that the jury will convict the defendant, not for the offense charged, but based on the extrinsic evidence. *United States v. Beechum*, 582 F.2d 898, 914 (5th Cir. 1978). Therefore, evidence of extraneous acts is only admissible if (1) the evidence is relevant to

---

[1] Scott is charged in Counts 3 and 4 with conduct relating to taxpayers T.H.

an issue other than the defendant's character, and (2) "the evidence must possess probative value that is not substantially outweighed by its undue prejudice and must meet the other requirements of rule 403." *Id.* at 911 (citing FED. R. EVID. 403); *see also* FED. R. EVID. 403 ("Although relevant, evidence may be excluded if its probative value is substantially outweighed by the danger of unfair prejudice, confusion of the issues, or misleading the jury, or by considerations of undue delay, waste of time, or needless presentation of cumulative evidence."). In evaluating the danger of unfair or undue prejudice, the Court considers factors, such as "(1) the extent to which the defendant's unlawful intent is established by other evidence; (2) the overall similarity of the extrinsic and charged offenses; and (3) how much time separates the extrinsic and charged offenses because temporal remoteness depreciates the probity of the extrinsic offense." *United States v. Adair*, 436 F.3d 520, 526 (5th Cir. 2006) (quoting *Beechum*, 582 F.2d at 914 (internal quotation marks and brackets omitted); *see also United States v. Watson*, 433 Fed. App'x 284, 287 (5th Cir. 2011) (quoting same).

    A.    **Uncharged Conduct[2]**

In addition to the evidence relating to the 10 counts charged, the Government intends to

---

[2]Typically, when the Court is faced with uncharged conduct, it first considers whether the evidence at issue is intrinsic. "'[E]vidence of an uncharged offense arising out of the same transactions as the offenses charged in the indictment is not extrinsic evidence within the meaning of Rule 404(b), and is therefore not barred.'" *United States v. Asibor*, 109 F.3d 1023, 1034 (5th Cir. 1997) (quoting *United States v. Ridlehuber*, 947 F.2d 1191, 199 (5th Cir. 1991) (other citations omitted)). Similarly, evidence of another act is intrinsic if it and "evidence of the crime charged are 'inextricably intertwined' or both acts are part of a 'single criminal episode' or the other acts were 'necessary preliminaries' to the crime charged." *United States v. Coleman*, 78 F.3d 154, 156 (5th Cir. 1996) (quoting *United States v. Williams*, 900 F.2d 823, 825 (5th Cir. 1990)). "This evidence is admissible to complete the story of the crime by proving the immediate context of events in time and place." *Id.* (citing *United States v. Kloock*, 652 F.2d 492, 494-95 (5th Cir. 1981)). In this case, the Government does not contend that the evidence is intrinsic.

offer evidence of the 46 additional returns, 27 of which were filed for tax year 2011 and 29 of which were filed for tax year 2012. Scott is listed as the preparer on most of the 2011 returns, the remainder of which did not list a preparer. All of the returns were electronically filed using an Internet Protocol address linked to Scott's Electronic Filing Identification Number ("EFIN"). The 2012 returns were listed with Kenyada Lyons ("Lyons") as the preparer and filed under an EFIN linked to Lyons. Lyons, who is the mother of Scott's children, denies that she prepared the returns.

The Government intends to call IRS Agent Jimmy Sandefur as an expert witness who will discuss the investigative process and background, the false matters on the returns, the inappropriate refunds, and discernable patterns and commonalities of the false information on all 56 returns. The Government contends that many of the 56 returns contained either the same or similar false information. Approximately 40 of the returns have fictitious W'2s. Some of the same false employers listed in the indicted conduct are also listed in the other returns, including Wal-Mart and Gilley Enterprise, Inc.

Additionally, the Government intends to call taxpayers D.L., S.L., S.W., and T.L. who are not listed in the Indictment. These taxpayers are expected to testify about the tax returns Scott allegedly prepared for them during the 2011 and 2012 tax years. These taxpayers will allegedly testify about the false information contained in their returns and additional fees Scott charged to include his children as dependents.

Scott moves to exclude this evidence. He argues that this is character evidence that the Government is improperly offering to show his propensity to commit the charged conduct. Additionally, he contends that, even if the evidence is relevant, its prejudice substantially outweighs its probative value. Finally, he argues that evidence of the returns not listed in the

Indictment constitutes hearsay unless the taxpayers for whom the allegedly false returns were filed actually testify. Although Scott has stipulated to the falsity of certain information, he argues that there is no evidence that the taxpayers themselves did not provide the false information to him without the testimony of the taxpayers.

     First, the Court finds that under Rule 404(b) the proffered evidence is admissible to show not merely character evidence, but is relevant to Scott's intent, knowledge, and the absence of mistake or accident. These are tax returns prepared during the same tax years for Scott's friends, relatives, or acquaintances and under similar circumstances. While the evidence is indeed prejudicial to Defendants, the Court finds that the relevance is not substantially outweighed by the danger of undue prejudice or other Rule 403 concerns. The testimony and evidence being offered relates to tax returns prepared for the same tax years and under similar circumstances. Finally, the Court has considered Scott's hearsay argument, but, as the Government points out, the parties have stipulated to the falsity of the information, and, more importantly, the tax returns are NOT being offered for the truth of the matter asserted. *See United States v. Austin*, 774 F.2d 99, 101-02 (5th Cir. 1985) (false tax returns were not hearsay because they were not being admitted for the truth of their assertion). As the Government points out, an IRS agent will provide summary evidence of the content of the returns and testify as an expert, not provide any testimonial statements or offer the returns for their truth. Accordingly, Scott's Motion in Limine is DENIED to this extent.

     **B.**    **Identity Fraud and State Probation Judgment**

     The Government also gave notice of its intent to offer evidence of Scott's September 4, 2012 *nolo contendere* plea to identity theft in state court and the terms of his probation which prohibited him from filing tax returns for three years. The Government explains that the

prohibition in Scott's state court probation judgment is relevant to show that Scott listed Lyons' name as the preparer to conceal his tax preparation activities and circumvent the state court probation judgment. Seven of the ten indicted returns list Lyons as the preparer, but the taxpayers will testify that Scott, not Lyons, prepared the returns. The Government argues that this evidence will show that Scott knowingly used Lyons' name to continue his tax preparation activities after the probation judgment prohibited him from doing so.

First, the Court finds that this Rule 404(b) evidence is admissible to show Scott's intent, knowledge, the absence of mistake or accident, and a plan to continue to prepare returns. The Court also finds that the evidence of the terms of his probation does not substantially outweigh the probative value of this evidence. The Court does have concerns about undue prejudice arising from the Government's use of evidence relating to Scott's *nolo contendere* plea.[3] However, the Court finds that those concerns can be addressed by requiring the Government to limit its references to Scott's service of a term of probation in state court and the facts giving rise to that term of probation. The Court will also provide an appropriate limiting instruction to the jury. Thus, Scott's Motion in Limine is GRANTED IN PART and DENIED IN PART.

## CONCLUSION

For the foregoing reasons, Scott's Motion in Limine [Doc. No. 37] is GRANTED IN PART and DENIED IN PART. To the extent that Scott moved to exclude evidence of the 46 unindicted returns and evidence that he was prohibited from preparing tax returns in 2012 by a

---

[3] Indeed, under Federal Rule of Evidence 410, evidence of a defendant's *nolo contendre* plea itself is inadmissible in a criminal trial to prove a defendant's guilt of the crime of which he is accused.

state court probation judgment, the motion is DENIED. To the extent that Scott moves to limit evidence relating to the underlying state court *nolo contendre* plea, the motion is GRANTED IN PART. The Court will require the Government to limit its references to the prior conviction and information about that conviction, and the Court will provide its own limiting instruction to the jury.

MONROE, LOUISIANA, this 8th day of September, 2015.

_____
ROBERT G. JAMES
UNITED STATES DISTRICT JUDGE