UNITED STATES DISTRICT COURT

WESTERN DISTRICT OF LOUISIANA

MONROE DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA | CRIMINAL ACTION NO. 15-00013 |
| VERSUS | JUDGE ROBERT G. JAMES |
| RICHARD ALLAN SCOTT | MAG. JUDGE KAREN L. HAYES |

RULING

Pending before the Court are a Motion for Judgment of Acquittal and/or New Trial [Doc. No. 62] filed by counsel for Defendant Richard Allan Scott ("Scott") and a Motion for Acquittal [Doc. No. 63] and Motion for Default Judgment [Doc. No. 68] filed by Scott, *pro se.* The Government filed a consolidated response to the first two motions. For the following reasons, the motions are DENIED.

A jury trial was held in the above-referenced case on September 9-11, 2015. At the close of the Government's evidence, Scott moved for judgment of acquittal, which the Court denied. On the third day of trial, the jury convicted Scott of four counts of aiding and assisting in making and subscribing a false return, in violation of 18 U.S.C. § 7206(2).

Following his conviction, Scott moved for judgment of acquittal and for release from custody pending sentencing. The Court denied both motions.

The instant written motions followed.

**I.     Motion for Judgment of Default**

First, Scott moves for entry of default judgment against the Government because it failed to respond to the motions for acquittal and new trial by the deadline set by the Court. That

motion is now moot because the Court granted an extension of time for the Government to respond, and it has filed an opposition memorandum. Moreover, even if the Government failed to file a response, Scott is not entitled to a default judgment of acquittal. Rather, the Court would review his motion without benefit of a response from the Government and rule on the motion based on the arguments presented, the law, and the record evidence. Thus, Scott's Motion for Default Judgment is DENIED.

## II.     Motion for Judgment of Acquittal or for New Trial

Scott, through counsel, moves for judgment of acquittal or, in the alternative, for a new trial based on the insufficiency of the evidence. Acting *pro se*, Scott also moves for judgment of acquittal.

Pursuant to Federal Rule of Criminal Procedure 29, a defendant may move for a judgment of acquittal after a guilty verdict. When deciding whether to grant a Rule 29 motion for judgment of acquittal, the Court must "consider the evidence, all reasonable inferences drawn from it and all credibility determinations in the light most favorable to the government, and [determine] if a reasonable jury could find the offense's essential elements beyond a reasonable doubt." *United States v. Medina*, 161 F.3d 687, 872 (5th Cir. 1998); *see also United States v. Rena*, 981 F.2d 765, 771 (5th Cir. 1993). "The evidence need not exclude every reasonable hypothesis of innocence or be wholly inconsistent with every conclusion except that of guilty," but the Government "must do more than pile inference upon inference." *United States v. Maseratti*, 1 F.3d 330, 337 (5th Cir. 1993) (citations omitted).

Federal Rule of Criminal Procedure 33 permits the district court to "vacate any judgment and grant a new trial if the interest of justice so requires." FED. R. CRIM. P. 33(a). Generally,

motions for new trial are disfavored and must be reviewed with great caution. *United States v. Gresham*, 118 F.3d 258, 267 (5th Cir. 1997) (citing *United States v. Jaramillo*, 42 F.3d 920, 924 (5th Cir. 1995), and *United States v. Peña*, 949 F.2d 751, 758 (5th Cir.1991)). "The interest of justice is not an independent ground for granting a Rule 33 motion, but rather is the standard for granting any Rule 33 motion." *United States v. Wall*, 389 F.3d 457, 468 (5th Cir. 2004) (citing *United States v. Villarreal*, 324 F.3d 319, 325 (5th Cir. 2003)). The trial judge's determination in the interest of justice may be based on his evaluation of witnesses and weighing of the evidence. *Wall*, 389 F.3d at 465-66. Generally, however, the Fifth Circuit Court of Appeals has held "that the trial court should not grant a motion for new trial unless there would be a miscarriage of justice or the weight of evidence preponderates against the verdict. A new trial is granted only upon demonstration of adverse effects on substantial rights of a defendant." *Id.* 466 (citations omitted). "[A]ny error of sufficient magnitude to require reversal on appeal is an adequate ground for granting a new trial." *Id.* at 474 (citing WRIGHT, FEDERAL PRACTICE & PROCEDURE § 556 (3d ed. 2004)).

### A. Sufficiency of the Evidence

In the motions, Scott, through his counsel, argues that the Government failed to prove the element of aiding and assisting because there was no evidence that Scott aided or assisted the four taxpayers who testified at trial. They all testified that they were unaware that Scott was altering W-2s or wrongfully including dependents whom the taxpayers were not entitled to claim. Scott contends that he is entitled to a judgment of acquittal or for a new trial based on the insufficiency of the evidence.

The Government responds that evidence was presented in its case in chief sufficient to

support the jury's verdict that Scott aided and assisted in the preparation of the four false tax returns. The four taxpayers testified that they discussed the preparation of their returns with Scott, and no one else. They provided him with true and accurate supporting documentation (e.g., their W-2s), not the false information contained in the returns he prepared.. He then collected fees for the preparation services that were deducted from their refunds.

The Government presented additional evidence under Rule 404(b) through witnesses who also testified that they discussed their tax returns with Scott alone, that he received the preparation fee from their refunds, and that they did not provide him with the false information in their returns. The Government entered into evidence the false and fictitious returns which demonstrated that these returns contained the same types of false information as the returns of the four taxpayers in the charged counts.

Finally, the Government points out that a Monroe Police Department officer testified that Scott admitted he had prepared false tax returns by inflating W-2 wages and withholdings and using false dependents.

The Court agrees with the Government that the evidence presented at trial was sufficient to allow a reasonable jury to find beyond a reasonable doubt that Scott was guilty of the crimes charged. The Court further finds no miscarriage of justice or error of so great a magnitude as to justify a new trial. Accordingly, Scott's Motion for Acquittal and/or New Trial [Doc. No. 62] is DENIED on these bases.

    **B.**    **Other *Pro Se* Arguments**

In addition to the sufficiency of the evidence argument raised by counsel, Scott made his own arguments in support of acquittal. [Doc. No. 63]. Scott argues that (1) the Government

committed a *Brady* violation and/or engaged in prosecutorial misconduct by withholding exculpatory evidence in the form of tax returns belonging to Kenyada Lyons ("Lyons"); (2) the Government offered evidence to prove tax fraud rather than aiding and assisting in the making or subscribing of a false return; (3) the Government secured the testimony of witnesses, particularly Lyons, through intimidation and threats of prosecution; (4) the Indictment was ambiguous; (5) his pre-trial detention was improper, prevented his effective trial preparation, and prevented him from retaining effective counsel; and (6) his post-trial detention violates the Fourteenth Amendment.

As the Government points out, a number of these arguments are not appropriate for review under Rule 29. Nevertheless, out of an abundance of caution, the Court addresses the substantive merits of these arguments.

### 1. Alleged *Brady* Violation

In *Brady v. Maryland*, 373 U.S. 83 (1963), the Supreme Court held that "the suppression by the prosecution of evidence favorable to an accused upon request violates due process where the evidence is material either to guilt or punishment, irrespective of the good faith or bad faith of the prosecution." *Id.* at 87. Nine years later, the Supreme Court extended this principle to include material evidence "affecting" the credibility of a witness. *Giglio v. United States*, 405 U.S. 150, 154 (1972). Under *Brady/Giglio*, the Government must give the defense impeachment evidence and exculpatory evidence. *See United States v. Johnson*, 872 F.2d 612, 619 (5th Cir. 1989).

If a defendant moves for a new trial on the basis of a *Brady* violation, the Fifth Circuit has set forth his burden as follows:

. . . As the proponent of a new trial, [a defendant] must prove that: "(1) the

> prosecution did not disclose evidence; (2) the evidence was favorable to the defense; and (3) the evidence was material." *United States v. Infante*, 404 F.3d 376, 386 (5th Cir. 2005). Evidence is material if there is a reasonable probability that the outcome of the trial would have been different had such evidence been revealed to the defense. *Id*. "The question is not whether the defendant would more likely than not have received a different verdict with the evidence, but whether in its absence he received a fair trial, understood as a trial resulting in a verdict worthy of confidence." *United States v. Brown*, 303 F.3d 582, 593 (5th Cir. 2002) (quoting *Kyles v. Whitley*, 514 U.S. 419, 434, 115 S.Ct. 1555, 131 L.Ed.2d 490 (1995)). Moreover, the harmless error rule applies to *Brady* violations. *Id*. at 597.

*United States v. Valencia*, 600 F.3d 389, 418 (5th Cir. 2010) (emphasis added).

The Fifth Circuit has also recognized the possibility of dismissal of an indictment when a prosecutor has impermissibly withheld material and exculpatory evidence or, acting in bad faith, failed "to preserve potentially useful evidence." *United States v. Moore*, 452 F.3d 382, 387-88 (5th Cir. 2006) (emphasis added). However, the Fifth Circuit has also "consistently held that '[g]overnment misconduct does not mandate dismissal of an indictment unless it is so outrageous that it violates the principle of fundamental fairness under the due process clause of the Fifth Amendment.'" *United States v. Asibor*, 109 F.3d 1023, 1039 ( (5th Cir. 1997) (quoting *United States v. Johnson*, 68 F.3d 899, 902 (5th Cir. 1995) (other internal quotation marks and citations omitted)). "Such a violation will only be found in the rarest circumstances." *Johnson*, 68 F.3d at 902 (citing *United States v. Yater*, 756 F.2d 1058, 1066 (5th Cir. 1985). Thus, a defendant seeking a dismissal of his indictment "has an extremely high burden of proof." *Asibor*, 109 F.3d at 1039.

In this case, Scott moves for acquittal, effectively seeking the dismissal of his Indictment based on the alleged prosecutorial misconduct of the Government's attorney and/or its violation of *Brady*. However, he has not presented the Court with sufficient information to determine whether the Government failed to disclose material evidence, much less acted in such an

6

outrageous manner so as to support dismissal of the Indictment against him. At least to some extent, Scott appears to base his argument on evidence that was presented at trial. However, his experienced counsel would have most certainly objected to the Government's introduction of evidence or testimony subject to *Brady/Giglio* if it had not been provided to her. She made no such objection at trial, and she has **not** alleged a *Brady* violation or any prosecutorial misconduct in the Motion for Acquittal and/or for New Trial she filed on Scott's behalf. Therefore, to the extent that he relies on a *Brady* violation and/or prosecutorial misconduct to support his motion, Scott's Motion for Judgment of Acquittal is DENIED.

### 2. Evidence of Tax Fraud

Scott also argues that the evidence supported a finding of the crime of tax fraud, rather than aiding and assisting in the preparation of false returns. However, for the reasons previously discussed, the Court finds that the evidence adduced at trial was sufficient for a reasonable jury to find that the elements of the offenses charged were proven beyond a reasonable doubt. Scott's Motion for Acquittal on this basis is DENIED.

### 3. Witness Intimidation

Next, Scott argues that the Government intimidated or threatened witnesses into testifying against him, particularly Lyons. However, Scott has presented no evidence, only his speculation. In fact, witnesses at trial were subjected to vigorous cross examination on this specific topic, but no witness testimony supports this claim. Lyons testified that she did **not** prepare the tax returns for which she was listed as preparer, and Scott corroborated her testimony. Therefore, the Government points out it could not have prosecuted her. Scott's Motion for Judgment of

Acquittal on this basis is DENIED.

### 4. Ambiguity of the Indictment

Scott also argues that the Indictment against him was ambiguous. "The test of the sufficiency of an indictment is whether it charges all of the elements of the offense so that an accused may prepare his defense and be protected against double jeopardy." *United States v. Barksdale–Contreras*, 972 F.2d 111, 113 (5th Cir. 1992) (citing *Hamling v. United States*, 418 U.S. 87, 117 (1974)). The "'indictment need not precisely track the language of the statute; it is sufficient if it informs the defendant of every element of the offense charged.'" *Id.* (quoting *United States v. Hernandez*, 891 F.2d 521, 524 (5th Cir. 1989) (other citation omitted)).

In this case, Scott was charged with violations of 26 U.S.C. § 7206(2), which provides:

Any person who—

. . .

(2) Aid or assistance

Willfully aids or assists in, or procures, counsels, or advises the preparation or presentation under, or in connection with any matter arising under, the internal revenue laws, of a return, affidavit, claim, or other document, which is fraudulent or is false as to any material matter, whether or not such falsity or fraud is with the knowledge or consent of the person authorized or required to present such return, affidavit, claim, or document . . .

. . .

shall be guilty of a felony and, upon conviction thereof, shall be fined not more than $100,000 ($500,000 in the case of a corporation), or imprisoned not more than 3 years, or both, together with the costs of prosecution.

His Indictment alleges that

> On or about the dates hereinafter set forth, in the Western District of Louisiana and elsewhere, the defendant, RICHARD ALLAN SCOTT, did willfully aid and assist in, and procure, counsel, and advise the preparation and presentation to the [IRS], of the Forms 1040, U.S. Individual Income Tax Return, either individual or joint, for the taxpayers and calendar years hereinafter specified, which were false and fraudulent as to material matters, in that they represented that the said taxpayers were entitled under the provisions of the Internal Revenue laws to claim deductions, credits, and expenses; whereas, as the defendant then and there well knew and believed, the said taxpayers were not entitled to claim deductions, credits, and expenses.

[Doc. No. 60].[1]  The Indictment further alleges that Scott prepared false returns for the four identified taxpayers during either tax year 2011 or 2012, all in violation of 26 U.S.C. § 7206(2).

The Court finds that the Indictment properly tracked the statute and sufficiently charged the elements of the offense.  Therefore, Scott's Motion for Acquittal on this basis is DENIED.

### 5. Pre-Trial Detention

Scott raises four arguments regarding his pre-trial detention: (1) his state court detention was improper, (2) his pre-trial detention by this Court was improper, (3) his pre-trial detention prevented effective trial preparation; and (4) his pre-trial detention prevented him from retaining effective counsel.

First, as the Government points out, any issues Scott has with his detention by the state court should be raised in that forum and has no bearing on the instant motions in this Court.

Second, Scott was properly detained in this Court and suffered no Due Process violation. Prior to trial, he was afforded a detention hearing under 18 U.S.C. § 3142, and was detained only

---

[1] The Court cites to the Indictment provided to the jury, which is a renumbered version of the original Indictment in light of the Government's dismissal of some of the counts against Scott.

after the Magistrate Judge considered the evidence and made the appropriate determination. [Doc. No. 20]. Scott did not appeal that decision.

Third, Scott also argues that his pre-trial detention prevented him from effectively preparing from trial. However, he fails to show how he was prejudiced in any way. He was represented by counsel, and he was able to communicate from jail. Lyons testified that he contacted her by telephone and mail.

Fourth, in a related argument, Scott asserts that he suffered a Due Process violation because he was financially and physically (in light of his detention) unable to retain counsel of his choosing. He suggests that his appointed counsel was ineffective.

> A defendant may raise a claim of ineffective assistance of counsel in a motion for a new trial. *See United States v. Fuchs*, 467 F.3d 889, 910–11 & n. 15 (considering ineffective assistance of counsel claim that was raised in motion for a new trial). However, a motion for relief in habeas corpus pursuant to 28 U.S.C. § 2255 "is the preferred method for raising a claim of ineffective assistance of counsel." *United States v. Gordon*, 346 F.3d 135, 136 (5th Cir.2003) (*citing Massaro v. United States*, 538 U.S. 500, 504, 123 S. Ct. 1690, 155 L.Ed.2d 714 (2003)). Regardless of whether an ineffective assistance of counsel claim is raised in a motion for a new trial, on collateral review, or on direct appeal, the standard of review is the same. *S*
674 (1984). The defendant bears the burden of demonstrating that (1) counsel's performance fell below an objective standard of reasonableness and that (2) but for counsel's deficient performance, the result of the proceeding would have been different. *Id.* at 687–96, 104 S. Ct. 2052.

*United States v. Bishop*, 629 F.3d 462, 469 (5th Cir. 2010).

Scott has failed to meet that showing. Scott was appointed counsel who regularly appears before this Court, has significant criminal defense experience, and is a very competent attorney. His rights were ably and well represented by his appointed counsel. *See United States v. Cronic*, 466 U.S. 648, 655 (1984) ("[T]he accused is entitled to a reasonably competent attorney, whose

advice is within the range of competence demanded of attorneys in criminal cases.") (Citations and internal quotation marks omitted). Scott has failed to point to any specific failings on the part of his counsel. Thus, he cannot establish a Due Process violation, and Scott's Motion for Acquittal on these bases is DENIED.

### 6. Post-Trial Detention

Finally, Scott argues that he should not have been detained post-trial pending sentencing. It is unclear how this would affect his trial and conviction in any way. At the close of trial, Scott's counsel moved for his release pending sentencing, but the Court denied that motion. Scott has now been convicted of federal crimes and is held pursuant to 18 U.S.C. § 3143(a)(1). A detention hearing was previously conducted, and the Court found no basis to set aside the Magistrate Judge's findings. Thus, there are no Fourteenth Amendment violations. To the extent Scott moves for acquittal on this basis, his motion is DENIED.

### III. Conclusion

For the foregoing reasons, the Motion for Judgment of Acquittal and/or New Trial [Doc. No. 62] filed by Scott's counsel and the Motion for Acquittal [Doc. No. 63] and Motion for Default Judgment [Doc. No. 68] filed by Scott, *pro se*, are all DENIED.

MONROE, LOUISIANA, this 30th day of October, 2015.

_____
ROBERT G. JAMES
UNITED STATES DISTRICT JUDGE